**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

U.S. DISTRICT COURT
FILED
SEP 12 2014
WP
S.D. OF N.Y.

| | |
|---|---|
| FLORENCE NADLER, INC. d/b/a PRUDENTIAL CENTENNIAL REALTY, a New York corporation, individually and as the representative of a class of similarly situated persons, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| TRADEMARK WHO'S WHO, TRADEMARK PUBLISHING INC. TRADEMARK PUBLISHING, JULIE SKAGEN, and JOHN DOES 1-10. | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

Civil Action No.:

**CLASS ACTION COMPLAINT**

# 14 CIV. 7419

DEMAND FOR JURY TRIAL

## JUDGE KARAS

Plaintiff, FLORENCE NADLER, INC. d/b/a PRUDENTIAL CENTENNIAL REALTY, ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants TRADEMARK WHO'S WHO, TRADEMARK PUBLISHING INC., TRADEMARK PUBLISHING, JULIE SKAGEN ("Skagen"), and JOHN DOES 1-10 (collectively, "Defendants").

### PRELIMINARY STATEMENT

1.       This action seeks to redress Defendants' unlawful policy and practice of faxing unsolicited advertisements to recipients who have not authorized the receipt of such intrusive and burdensome communications.

2.       The federal Telephone Consumer Protection Act, 47 U.S.C. § 227, as amended

by the Junk Fax Prevention Act of 2005 (together, the "TCPA"), and the regulations promulgated thereunder, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed advertisements.

3.      The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation; and up to $1,500.00 per intentional violation.

4.      Congress enacted the TCPA to prevent, *inter alia*, the faxing of unsolicited advertisements to persons who have not provided invitation or permission to receive such faxes. Congress believed that unsolicited fax advertisements improperly shift advertising costs to the unwilling fax recipients and interfere with the use of fax machines by these recipients, who are consumers and businesses.

5.      Unsolicited faxed advertisements cause damage to their recipients. The recipient of a junk fax loses the use of its fax machine, paper, and ink toner. An unsolicited fax also causes the recipient to waste valuable time it would have spent engaged in other activities.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

6.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA and New York's General Business Law.

## JURISDICTION AND VENUE

7.      This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 (TCPA).

8.      This Court also has diversity jurisdiction over this action under 28 U.S.C. §

2

1332(d) in that, upon information and belief, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which the Plaintiff is a citizen of a state different from Defendants.

9.     Venue and personal jurisdiction in this District are proper because a significant portion of the events took place here, and Defendants all regularly engaged in business activities within the District.

10.     Statutory damages for each of Defendants' violations of the TCPA are available in this District under the Second Circuit's most recent pronouncement on the issue. *See Bank v. Independence Erergy Group LLC*, 736 F.3d 660 (2d Cir. 2013).

## PARTIES

11.     Plaintiff is a New York corporation that has its principal place of business in Westchester County, New York.

12.     Plaintiff is in the business of providing real estate brokerage services. Plaintiff is, and all times mentioned herein was, a "person" as defined in 47 U.S.C. §153(39).

13.     Upon information and belief, Defendant Trademark Who's Who is an assumed name or a South Carolina corporation with its principal place of business at 16 Longmeadow Road, Taylors, South Carolina and/or 32 Pine Knoll Drive, Greenville, South Carolina. Defendant Trademark Who's Who is in the publishing business. Defendant Trademark Who's Who is, and all times mentioned herein was, a "person" as defined in 47 U.S.C. §153(39).

14.     Upon information and belief, Defendant Trademark Publishing, Inc. is a South Carolina corporation with its principal place of business at 16 Longmeadow Road, Taylors, South Carolina. Defendant Trademark Publishing Inc. is in the publishing business. Defendant Trademark Publishing Inc. is, and all times mentioned herein was, a "person" as defined in 47

U.S.C. §153(39)

15.     Upon information and belief, Defendant Trademark Publishing is an assumed name or a South Carolina corporation with its principal place of business at 32 Pine Knoll Drive, Greenville, South Carolina.  Defendant Trademark Publishing is in the publishing business. Defendant Trademark Publishing is, and all times mentioned herein was, a "person" as defined in 47 U.S.C. §153(39).

16.     Upon information and belief, Defendant Julie Skagen, is an individual residing in South Carolina.  Upon information and belief, Skagen is the President and/or sole owner or shareholder of Defendants Trademark Who's Who, Trademark Publishing, Inc. and Trademark Publishing.  Defendant Skagen is, and at all times mentioned herein was, a "person" as defined in 47 U.S.C. §153(39).

17.     At all times material to this Complaint, acting alone or in concert with others, Skagen has formulated, directed, controlled, had the authority to control, or participated in the acts and practices alleged herein.  Upon information and belief, Skagen transacted business personally and on behalf of Trademark Who's Who, Trademark Publishing, Inc. and Trademark Publishing in this district and throughout the United States.

18.     Upon information and belief, Skagen has exercised complete dominion and control over Trademark Who's Who, Trademark Publishing, Inc. and Trademark Publishing such that these companies are her alter ego, a sham, façade, and mere instrumentality for her personal benefit, and she has disregarded and abused the corporate form and structure of the companies.

19.     Upon information and belief, Defendants John Does 1-10 are fax broadcasters that assisted Defendants with the faxing of the subject unsolicited fax advertisement.

## DEFENDANTS' UNLAWFUL ACTIONS

20.     Upon information and belief, Defendants are in the publishing business and purport to publish a registry of distinguished individuals in different fields of business, including a registry for realtors called Who's Who Realtors "Honors Edition."

21.     As part of Defendants' marketing strategy, Defendants unlawfully sent Plaintiff and numerous other unsuspecting recipients unsolicited faxes advising the recipients that they had been selected for inclusion in the Who's Who Realtors "Honor's Edition" registry.

22.     On or about August 14, 2014, Defendants sent, or caused to be sent, by facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine advising Plaintiff that it had been selected for inclusion in the 2014-2015 edition of Who's Who Realtors "Honor's Edition" registry   A copy of the facsimile is attached hereto as Exhibit A (hereinafter, the "Faxed Advertisement").

23.     The Faxed Advertisement touts that the registry will "include our continents [sic] most accomplished realtors from across all of North America" and that "recognition of this kind is an honor shared by thousands of carefully selected professionals in the real-estate field."   The Faxed Advertisement further promises that the recipient "will be showcased with an elite group of professionals looking to purchase or sell real estate."

24.     Plaintiff received the Faxed Advertisement on its facsimile machine, which has the number (914) 723-2201.

25.     Upon information and belief, the Faxed Advertisement was sent as part of a mass broadcasting of faxes to promote Defendants' Who's Who Realtors "Honor's Edition" registry.

26.     The Faxed Advertisement encourages the recipient to fax the completed registry

form to 855-387-2266.

27.     Plaintiff had no prior relationship with Defendants and had not authorized the sending or receipt of the Faxed Advertisement to Plaintiff's facsimile machine.

28.     Upon information and belief, Defendants sent the Faxed Advertisement to numerous persons utilizing the assistance of a third-party fax broadcaster.  The telephone number listed on the Faxed Advertisement as the number to call to be removed from Defendants' "list" does not identify the entity associated with that telephone number.

29.     Upon information and belief, Defendants, as part of their system-wide marketing, have sent unsolicited and unauthorized facsimile advertisements identical or similar to the Faxed Advertisement received by Plaintiff to hundreds if not thousands of other recipients through the use of a third-party fax broadcaster and lists provided by such entity.

30.     Upon information and belief, Defendants intend to continue to send similar unsolicited fax advertisements to persons in New York and throughout the United States.

31.     Upon information and belief, Defendants John Does 1-10 were involved in the dissemination of Defendants Faxed Advertisement.

32.     There is no reasonable means for Plaintiff or other recipients of Defendants' unsolicited advertising faxes to avoid receiving such unwanted faxes. Fax machines are left on and ready to receive the time sensitive communications authorized by their owners.

## CLASS ACTION ALLGATIONS

### A.  The Class.

33.     Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and all others similarly situated.

34.     Plaintiff proposes the class and sub-class defined as follows:

All persons who, within four years before the filing of the initial Complaint, received at least one unsolicited facsimile containing an advertisement that was initiated by or was sent on behalf of Defendants promoting their business, with whom Defendants did not have an established business relationship or with whom Defendants did not obtain prior express permission to send a fax (hereinafter, the "Class").

All persons within the State of New York who, within four years before the filing of the initial Complaint, received at least one unsolicited facsimile containing an advertisement that was initiated by or was sent on behalf of Defendants promoting their business, with whom Defendants did not have an established business relationship or with whom Defendants did not obtain prior express permission to send a fax (hereinafter, the "Sub-Class").

Excluded from the Class and the Sub-Class are Defendants, their officers, directors, employees, agents, and members of the Judiciary.

**B.**     **Numerosity.**

35.     The Faxed Advertisement is a mass-faxed form advertisement. Therefore, the members of the Class and Sub-Class are believed to be so numerous that joinder of all members is impractical.

36.     Upon information and belief, Defendants faxed thousands of unsolicited advertisements identical or similar to the Faxed Advertisement.

37.     The exact number and identity of the class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendants' records.

38.     Plaintiff reasonably believes that there are thousands of persons who are members of the Class and Sub-Class.

C.    **Common Questions of Law and Fact.**

39.        Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include but are not limited to the following:

(a)    Whether Defendants, or their agents, affiliates, and/or others acting on their behalf, sent unsolicited fax advertisements;

(b)    Whether Defendants' facsimiles advertised the commercial availability of property, goods or services;

(c)    The manner and method Defendants, or their agents, affiliates, and/or others acting on their behalf, used to compile or obtain the list of fax numbers to which it sent Exhibit A and other identical or similar unsolicited faxed advertisements;

(d)    Whether Defendants, or their agents, affiliates, and/or others acting on their behalf, faxed advertisements without first obtaining the recipients' prior permission or invitation;

(e)    Whether Defendants, or their agents, affiliates, and/or others acting on their behalf, sent the faxed advertisements knowingly;

(f)    Whether Defendants violated the provisions of 47 U.S.C. § 227;

(g)    Whether Plaintiff and the other members of the Class and Sub-Class are entitled to statutory damages; and

(h)    Whether the Court should award treble damages.

D.    **Typicality.**

40.        Plaintiff's claims are typical of the claims of the class members since each of the claims arises from receipt of a fax transmission identical or substantially similar to the Faxed Advertisement annexed hereto as Exhibit A.

41.     Plaintiff is making the same claims and seeking the same relief for itself and all class members based on the same federal statute, and for the members of the Sub-Class on the same New York State statute.

**E.    Fair and Adequate Representation.**

42.     Plaintiff will fairly and adequately represent and protect the interests of the Class and Sub-Class.  It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class and Sub-Class.

**F.    Need for Consistent Standards and Practical Effect of Adjudication.**

43.     Class certification is appropriate because the prosecution of individual actions by class members would:  (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants, and/or (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of class members who are not parties.

**G.    Common Conduct.**

44.     Class certification is also appropriate because Defendants have acted in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by 47 U.S.C. § 227.

**H.    Predominance and Superiority.**

45.     Common questions of law and fact predominate and a class action is superior to other methods of adjudication:

(a)     Proof of the claims of Plaintiff will also prove the claims of the Class and Sub-Class without the need for separate or individualized proceedings;

(b)     Evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come from Defendants' records and will not require

individualized or separate inquires or proceedings;

(c)    Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d)    The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e)    This case is inherently managed as a class action in that:

(i)    Defendants identified persons or entities to receive the fax transmissions, and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii)    Liability and damages can be established for Plaintiff and the Class and Sub-Class with the same common proof;

(iii)    Statutory damages are provided for in the statutes and are the same for all class members and can be calculated in the same or a similar manner;

(iv)    A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort and expense;

(v)    A class action will contribute to uniformity of decisions concerning Defendants' practices; and

(vi)    As a practical matter, the claims of the Class and Sub-Class are likely to go unaddressed absent class certification.

## COUNT I - TCPA

46.     Plaintiff incorporates paragraphs 1 –32 above as if set forth herein at length.

47.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C).

48.     The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

49.     The TCPA provides:

> 3.      Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)     Both such actions.

47 U.S.C. § 227(b)(3).

50.     The TCPA is a strict liability statute, so Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

51.     Defendants, or their agents, affiliates, and/or others acting on their behalf, knew or should have known that (a) Plaintiff and the other class members had not given invitation or permission for Defendants, or anybody else to fax advertisements about Defendants' goods or services, (b) that Plaintiff and the other class members did not have an established business

relationship with Defendants, and (c) that Exhibit A is an advertisement.

52.     Defendants violated the TCPA by transmitting Exhibit A, or an unsolicited advertisement substantially similar thereto, to Plaintiff and the other members of the Class without obtaining their prior permission or invitation.

## COUNT II – NEW YORK GBL § 349

53.     Plaintiff incorporates paragraphs 1 – 32 above as if set forth herein at length.

54.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

55.     Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

56.     The actions of Defendants, or their agents, affiliates, and/or others acting on their behalf, caused damages to Plaintiff and the other members of the Sub-Class.  Receiving Defendants' junk faxes caused the recipients to lose paper and ink or toner consumed in the printing of Defendants' faxes.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and each class member and against Defendants as follows:

a.     As to Count I, that the Court adjudge and decree that the present case may be properly maintained as a class action for Defendants' violation of the TCPA, such Class consisting of all persons who received the Faxed Advertisement or an unsolicited faxed advertisement identical or substantially similar thereto; appoint Plaintiff as the representative of the

Class: and appoint Plaintiff's counsel as counsel for the Class;

b.     As to  Count II, that the Court adjudge and decree that the present case may be properly maintained as a class action for Defendants' violation of New York GBL § 349, such Sub-Class consisting of all persons who received the Faxed Advertisement or an unsolicited faxed advertisement identical or substantially similar thereto to  a fax machine located in New York; appoint Plaintiff as the representative of the Sub-Class; and appoint Plaintiff's counsel as counsel for the Sub-Class;

c.     Actual or statutory damages under the TCPA;

d.     Treble damages under the TCPA;

e.     Actual or statutory damages under New York GBL § 349;

f.     Treble damages under New York GBL § 349;

g.     An injunction against the further transmission of unsolicited faxes;

h.     Reasonable attorneys' fees;

i.     Costs of suit; and

j.     Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in

this action so triable as of right.

Dated:   White Plains, New York
September 11, 2014

DENLEA & CARTON LLP

Jeffrey A. Carton (JC8296)
Kerry Ford Cunningham (KF1825)
One North Broadway, Suite 509
White Plains, New York 10601
Tel.: (914) 920-7400
Fax: (914) 761-1900
jcarton@denleacarton.com
kcunningham@denleacarton.com
*Attorneys for Plaintiff*

# WHO'S WHO 
# REALTORS "HONORS EDITION"

Greetings,

It is my pleasure to inform you that you are being considered for inclusion into the 2014 – 2015 Who's Who Realtors "Honors Edition" of the registry. The 2014 – 2015 edition will include our continents most accomplished realtors from across all of North America. Recognition of this kind is an honor shared by thousands of carefully selected professionals in the real-estate field throughout North America each year. Who's Who Realtors "Honors Edition" helps you

## INCREDIBLE NETWORKING CAPABILITIES
## INCREASE BUSSINESS & CREATE INSTANT ROI
## BUSINESS REPUTATION UPGRADE
## REACH PROFESSIONALS THAT HAVE GOOD CREDIT SCORES

Your realty company will be showcased with an elite group of professionals looking to purchase or sell real-estate. Our members usually see a 10% -20% increase in business over the course of the first year. We strive ourselves on helping you reach clients from all over the country and locally.  We have a proven networking system that is like no other because we have individuals who must have **EXPERT STATUS.** Otherwise they cannot join. We also ask the individual if they are in the market to purchase real-estate and we also make sure that they have good credit scores so your time is not wasted. We understand how important your time is and that networking is a huge part of real-estate. So let us help you to grow your company.

For accuracy and publication deadlines please return your application form to us immediately. **THERE ARE NO DUES OR FEES TO BE INCLUDED EVER.** On behalf of our chairman of the board we wish you continued success.

Sincerely,

*Robert Luciano*

## Please fill out the form below and fax to: (855 – 387 – 2266)

NAME_____     TITLE _____

COMPANY NAME_____     WEBSITE_____

COMPLETE ADDRESS_____

PHONE_____ CELL_____ EMAIL_____

SPECAILY_____ SIGNATURE_____

All correspondence I receive/received about this inquiry, (including this fax) has my full and complete authorization.

To unsubscribe please fax to 206-339-4311